# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAUL ANTOINE,

Plaintiff,

v.

CRAIG PELZ,

Defendant.

______________________________/

CASE NO. 1:07-cv-01450-LJO DLB PC

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS

(Doc. 1)

**Screening Order**

**A. Screening Requirement**

Plaintiff Paul Antoine ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 22, 2006. On October 4, 2007 this action was removed from Kern County Superior Court. Along with the notice of removal, defendant Craig Pelz ("defendant") requested that the court screen plaintiff's complaint pursuant to 28 U.S.C. §1915A(a), and that defendant be granted forty-five days from the date of the court's completion of the screening to respond to the complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Defendant's request that the court screen plaintiff's complaint is granted.

**B. Summary of Plaintiff's Complaint**

Plaintiff is currently housed at California Substance Abuse Treatment Facility. The events at issue in this action allegedly occurred at California Correctional Institution, where plaintiff was formerly incarcerated. Plaintiff names Craig Pelz as defendant, and seeks money damages and injunctive relief.

///

///

1. Due Process

Plaintiff states that on September 23, 2005, defendant told plaintiff to leave his legal documents overnight in the law library. Plaintiff contends that defendant did so in order to read his legal documents.

To state a claim under section 1983, Plaintiff must allege that (1) Defendant acted under color of state law and (2) Defendant deprived her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Although Plaintiff does not specify the basis for his claim, it is the Due Process Clause of the Fourteenth Amendment which protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Plaintiff alleges that his documents were withheld for one night. The allegations as set forth above do not give rise to any claims for relief under section 1983, as the events complained of by plaintiff do not rise to the level of a constitutional violation.

2. Obstruction of Justice / Access to the Courts

Plaintiff alleges that on September 30, 2005, defendant refused to provide plaintiff with envelopes to mail his motions and pleadings to the court. Plaintiff alleges that defendant pushed an alarm, which resulted in plaintiff being handcuffed and placed in a small cage for five hours. (Doc. 1, p.19). Plaintiff alleges that defendant obstructed justice and denied him access to the courts.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration

or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, No. 04-36021, 2007 WL 446593, at *3 (9th Cir. Feb. 13, 2007).

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351; Phillips, 2007 WL 446593, at *3. The second element requires that plaintiff show defendant Pelz proximately caused the alleged violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability." Id. Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Id. at *6.

Although the court is mindful that the federal system is one of notice pleading, Fed. R. Civ. P. 8(a), plaintiff must allege some facts that would support a claim for relief under section 1983 for denial of access to the courts. Plaintiff has not done so. The court has supplied plaintiff with the requisite legal standard and will permit plaintiff the opportunity to file an amended complaint, in the event that plaintiff believes in good faith he has a cognizable access claim.

3. Tuesday Following September 30, 2005

Plaintiff states that on the Tuesday following September 30, 2005, "Mr. Pelz quite his when they were handcuffing me I informed him that he will be sued for obstruction of justice deliberate retaliation. Illegal use of Mechinal [sic] restraints. Liberty interest. And First and Fourteenth Amendment."

Plaintiff lists this cause of action in his complaint separately from the September 30, 2005 incident discussed above, and it is unclear to the court what the basis is for plaintiff's self-described third cause of action. To the extent that plaintiff is referring to some incident that occurred on the Tuesday following September 30, 2005, plaintiff has not alleged facts sufficient to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz.

Plaintiff's contention that he informed defendant on that date that he would be sued, without more, does not give rise to any cognizable claim under section 1983. The Court will provide plaintiff with the legal standards that, appear to be applicable.

i) Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

ii) Fourteenth Amendment Due Process

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

**C. Defendant's Motion for Extension of Time**

Defendant has requested a forty-five day extension of time, from the date of the court's completion of the screening, to respond to the complaint. Having screened plaintiff's complaint, the court finds that plaintiff fails to state a claim upon which relief may be granted. The court will

dismiss plaintiff's complaint, with leave to file an amended complaint.

For this reason, defendant is not required to file a response to plaintiff's complaint filed December 22, 2006.

**D. Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983 because plaintiff has not adequately linked the alleged constitutional violation to actions or omissions of named defendant. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion for the court to screen plaintiff's complaint is granted;

2 Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

3. The Clerk's Office shall send plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an mended complaint;

5. If plaintiff fails to file an amended complaint in compliance with this order, the court

will recommend that this action be dismissed, with prejudice, for failure to state a claim; and

6. Defendant's motion for an extension of time to file a response to plaintiff's complaint filed December 22, 2006, is DISREGARDED.

IT IS SO ORDERED.

**Dated: June 16, 2008**

/s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE