# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANTOINE,<br><br>    Plaintiff,<br><br>  v.<br><br>CRAIG PELZ,<br><br>    Defendant.<br>_____ / | CASE NO. 1:07-cv-01450-LJO DLB PC<br><br>ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT<br><br>(Docs. 5, 6, 13)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. 5) |

    Plaintiff Paul Antoine ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 30, 2006 in Kern County Superior Court, which was removed to this court on October 4, 2007. In the notice of removal, defendant Craig Pelz ("defendant") requests that the court screen plaintiff's complaint pursuant to 28 U.S.C. §1915A(a), and that he be granted forty-five days from the date of the court's completion of the screening to respond to the complaint. (Doc. 1).

    On January 11, 2008 plaintiff filed two motions seeking entry of default (Docs. 5, 6). Plaintiff requests that the court grant his motions and enter default, or alternatively, remand the action back to Superior Court "for further litigation and issue an order to enter default as perscribed [sic] by law". (Doc. 5, p.3). On February 11, 2008, defendant filed a motion to strike, and renewed his request that the court screen plaintiff's complaint. (Doc. 13). Plaintiff filed his response in opposition on February 21, 2008. (Doc. 14).

**Plaintiff's Motions for Entry of Default**

In an order issued separately, this court granted defendant's request that the complaint be screened pursuant to 28 U.S.C. §1915A(a). This court then dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983. Having dismissed plaintiff's complaint, the court held that defendant was not required to file a response to plaintiff's complaint, and disregarded defendant's motion for an extension of time.

In light of the fact that the court has dismissed plaintiff's complaint for failure to state a cognizable claim, plaintiff's motions for entry of default, filed January 11, 2008, are HEREBY DENIED.

**Plaintiff's Motion for Remand**

Plaintiff requests that the court either grant plaintiff's motion for entry of default, or remand this action back to Superior Court. A motion for remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure". 28 U.S.C. §1447(c). Plaintiff's request that the court remand this action in the event that his motions for entry of default are denied is not valid grounds for a motion to remand. Further, a motion to remand based on a defect in the removal procedure must be made within 30 days after the filing of the notice of removal. Id. To the extent that plaintiff's motion is based on a defect in the removal procedure, defendant filed notice of removal on October 4, 2007, and therefore, plaintiff's request is untimely. Accordingly, the undersigned ORDERS that plaintiff's motion to remand be denied.

IT IS SO ORDERED.

Dated:   **June 17, 2008**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE